# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW J. SANDOVAL,<br><br>         Petitioner,<br><br>    v.<br><br>J.W. HAVILAND,<br><br>         Respondent. | 1:09-cv-00523-SMS (HC)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. (Court Docs. 10, 12.)

## BACKGROUND

Following a jury trial in the Superior Court of the State of California, County of Madera, Petitioner was convicted of burglary of an occupied dwelling (Cal. Penal Code § 459) while released on bail. Petitioner was sentenced to the upper-term of six years in state prison.

Petitioner filed a timely notice of appeal. On September 23, 2008, the California Court of Appeal, Fifth Appellate District, affirmed the judgment in a reasoned decision. (Lodged Doc. No. 3.)

On December 10, 2008, the California Supreme Court denied review. (Lodged Doc. No. 5.)

Petitioner filed the instant federal petition for writ of habeas corpus on March 11, 2009.

Respondent filed an answer to the petition on May 6, 2009, and Petitioner filed a traverse on May 26, 2009. (Court Docs. 13, 16.)

STATEMENT OF FACTS[1]

> Sandoval broke into an apartment and took a PlayStation machine and some video games. A child who lived in the apartment woke up and saw Sandoval, recognizing him as the father of a friend of one of her brothers. While a police officer was at the apartment investigating, Sandoval's stepson appeared there with a box containing the PlayStation and games that had just been taken. The stepson said he got the items from his mother, who got them from Sandoval. The officer went to Sandoval's apartment and Sandoval fled through the back door. The officer apprehended him in a neighboring apartment. Sandoval told the officer the burglar was a Mr. Simon, whom Sandoval had unsuccessfully tried to persuade not to break into the apartment. The officer located Mr. Simon, who denied involvement.

(Lodged Doc. No. 3, Opinion, at 2.)

DISCUSSION

A.  Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of the Madera County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997; Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059

---

[1] The Court finds the Court of Appeal correctly summarized the facts in its September 23, 2008, opinion. Thus, the Court adopts the factual recitations set forth by the California Court of Appeal, Fifth Appellate District.

(1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

B.     Standard of Review

Where a petitioner files his federal habeas petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary to" federal law if it "applies a rule that contradicts governing law set forth in [Supreme Court] cases" or "confronts a set of facts that are materially indistinguishable from" a Supreme Court case, yet reaches a different result." Brown v. Payton, 544 U.S. 133,  141 (2005) citing Williams (Terry) v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision will involve an "unreasonable application of" federal law only if it is "objectively unreasonable." Id., quoting Williams, 529 U.S. at 409-10; Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (*per curiam*). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Both subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed questions of fact and law. See Lambert v. Blodgett, 393 F.3d 943, 976-77 (2004).

Courts further review the last reasoned state court opinion. See Ylst v. Nunnemaker, 501

3

U.S. 979, 803 (1991). However, where the state court decided an issue on the merits but provided no reasoned decision, courts conduct "an independent review of the record . . . to determine whether the state court [was objectively unreasonable] in its application of controlling federal law." Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). "[A]lthough we independently review the record, we still defer to the state court's ultimate decisions." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

C.   <u>Imposition of Upper Term/Violation of Sixth Amendment Right to Jury Trial</u>

    Petitioner raises the single claim that the trial court violated his Sixth Amendment right by imposing the upper term of six years based on factual findings that were not admitted by him or proved to the jury beyond a reasonable doubt.

    a.   <u>State Court Decision</u>

    The last reasoned state court decision of the California Court of Appeal, Fifth Appellate District denied Petitioner's claim stating, in pertinent part:

> The probation report, which the [trial] judge read and considered, listed two prior felony convictions and six prior misdemeanor convictions. The felonies were willful inflictions of corporal injury on a spouse or cohabitant resulting in a traumatic condition ([Cal. Penal Code] § 273.5, subd. (a)) committed in 2002 and 2003. The misdemeanors, spanning a period from 1997 to 2002, were possession of drug paraphernalia ([Cal.] Health & Saf. Code § 11364, subd. (a)); driving without a license ([Cal.] Veh. Code § 12500, subd. (a)); battery inflicting serious bodily injury ([Cal. Penal Code] § 243, subd. (d)); burglary ([Cal. Penal Code] § 459); false imprisonment ([Cal. Penal Code] § 236); and battery of a spouse or cohabitant ([Cal. Penal Code] § 243, subd. (e)(1)).
>
> In light of all this, we conclude that there was no constitutional error in the imposition of the upper term in the present case. The court expressly relied on Sandoval's prior convictions. His record of prior convictions was more than sufficient under *Black II* to support the imposition of the upper term without any additional findings by the jury.

(Lodged Doc. No. 3, Opinion, at 5-6.)

    b.   <u>Applicable Law</u>

    In Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), the Supreme Court overturned a sentencing scheme that allowed a state judge to enhance a defendant's penalty beyond the prescribed statutory maximum upon finding, by a preponderance of the evidence, that the defendant "acted with a purpose to intimidate an individual or group of individuals because

4

of race, color, gender, handicap, religion, sexual orientation, or ethnicity." Apprendi v. New Jersey, 530 U.S. at 469. The Supreme Court reversed, holding that "any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to jury, and proved beyond a reasonable doubt." Id. at 490. (Emphasis added.)

In Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), the Court explained that the "statutory maximum" for *Apprendi* purposes is the "maximum" sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant "statutory maximum " is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional facts." Id. at 303-304.

In both Apprendi and Blakely, state law established an ordinary sentencing range for the crime the defendant was convicted of committing, but allowed the court to impose a sentence in excess of that range if it determined the existence of specified facts not intrinsic to the crime. In each case the Supreme Court held that a sentence in excess of the ordinary range was unconstitutional because it was based on facts that were not admitted by defendant or found true by the jury beyond a reasonable doubt.

In Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007), the Supreme Court overruled the holding in Black, and held that the middle term in California's determinate sentencing law was the relevant statutory maximum for the purpose of applying Blakely and Apprendi. Id. at 868. Specifically, the Court held that imposing the upper sentence violated the defendant's Sixth and Fourteenth Amendment right to a jury trial because it "assigns to the trial judge, not the jury, authority to find facts that expose a defendant to an elevated 'upper term' sentence." Id. at 860.

The finding of prior convictions, however, represents a narrow exception to the constitutional right to a jury determination of sentencing enhancements. See Almendarez-Torres v. United States, 523 U.S. 224, 244 (1998). "[T]o hold that the Constitution requires that recidivism be deemed an element of petitioner's offense would mark an abrupt departure from a longstanding tradition of treating recidivism as go[ing] to punishment only." Butler v. Curry,

528 F.3d 624, 641 (9th Cir. 2008).

    c.    <u>Analysis of Claim</u>

In the instant case, the trial court expressly relied, inter alia, on the fact that Petitioner had numerous prior convictions to impose the upper term. As explained by the appellate court, the probation report, of which the trial court relied upon, set forth Petitioner's two prior felony convictions and six prior misdemeanor convictions. The felonies were willful inflictions of corporal injury on a spouse or cohabitant resulting in a traumatic condition (Cal. Penal Code § 273.5, subd. (a)) committed in 2002 and 2003. In <u>Butler</u>, the Ninth Circuit clarified that the prior conviction exception is a "narrow" one. <u>Butler v. Curry</u>, 528 F.3d at 644-645. The court confined the exception to the following circumstances:

> First, "[t]he fact of a prior conviction is the *only* fact that both increases a penalty beyond the statutory maximum and can be found by a sentencing court." [citation]. Second, the exception applies only to facts that are directly reflected in the documents of the conviction, not to secondary "facts that are derived or inferred" from a prior conviction or from the conviction documents. [citation]. Third, as the "exception is justified by the reliability of court documents created as part of a process with Sixth Amendment safeguards, it does not extend to facts that may be proven only by reference to documents that were not developed as a result of such process. [citation]."

<u>Butler v. Curry</u>, 528 F.3d at 645 (emphasis in original).

The fact that Petitioner has suffered numerous prior convictions is directly reflected in the documents of the convictions themselves. <u>Cf</u>. <u>United States v. Hernandez-Castro</u>, 473 F.3d 1004, 1007 (9th Cir. 2007) (district court found Hernandez-Castro suffered two prior convictions and assigned a single criminal history point to each under the Guidelines, and held "[i]n calculating criminal history points to determine eligibility for safety valve relief, the district court is simply ascertaining prior convictions, a determination that passes constitutional scrutiny under [*Almendarez-Torres*], as reaffirmed in [*Apprendi*]."); <u>United States v. Harris</u>, 447 F.3d 1300, 1303 (10th Cir. 2006) (increased sentence under 18 U.S.C. § 924(e), allows court to determine the requisite number of prior convictions); <u>United States v. Barrero</u>, 425 F.3d 154 (2d Cir. 2005) (prior conviction exception includes, inter alia, number of prior convictions).

In addition, several district courts, including this Court, which have addressed this same issue after <u>Butler</u>, have likewise concluded that the prior conviction exception includes the

numerosity finding.  See e.g. Rosenblum v. Yates, 2009 WL 86561*6 (C.D. Cal. Jan. 13, 2009); Wagener v. Kenan; 2008 WL 3925721, at * 19 (S.D. Cal. Aug. 22, 2008); Leslie v. Kernan, 2008 WL 3835638, at *7-8 (E.D. Cal. Aug. 15, 2008); Pulley v. Harrison, 2008 WL 2873350, at *6 (N.D. Cal. July 23, 2008); but cf. Pena-Silva v. Prosper,2008 WL 4104302, at *5 (E.D. Cal. Sept. 2, 2008) (indicating issue remains "an open question," but the opinion in Butler lends support to finding that numerosity is type of fact that must be submitted for jury determination).

This Court need not determine whether the trial court's additional findings that Petitioner suffered prior prison terms or prior unsatisfactory performance on probation falls within the prior conviction exception because the numerosity of the prior convictions was a sufficient basis alone to impose the aggravated term. See Butler v. Curry, 528 F.3d at 641-643 (affirming that only one aggravating factor is necessary for imposition of the upper term under California law). Accordingly, because the trial court imposed the upper term based on Petitioner's numerous prior criminal convictions, which is supported by the record and not required to be submitted to the jury, his sentence did not violate the Constitution.

In any event, even if the numerosity of the prior convictions is an aggravating circumstance that must be submitted to the jury, any error in this instance was harmless. California Rule of Court 4.421(b)(2) provides that circumstances in aggravation for sentencing include a defendant's numerous prior convictions.  Under California law, the fact that Petitioner suffered two prior felony convictions and six misdemeanor convictions would clearly be considered "numerous." See e.g. People v. Black, 41 Cal.4th 799, 818 (2008) (two prior felony convictions and three prior misdemeanor convictions deemed "numerous"); see also People v. Searle, 213 Cal.App.3d 1091, 1098 (1989) (three prior convictions were deemed "numerous" under predecessor to Cal. Ct. R. 4.421(b)(2)).  This Court is bound by the California state courts' interpretations of its own laws including how the term "numerous" is defined in the California Rules of Court. See Bradshaw v. Richey, 546 U.S. 74, 76 (1005) (state court's interpretation of state law, including opinion on direct appeal of challenged conviction, binds federal courts in habeas corpus review); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (federal habeas court must respect a state court's application of its own law and must not engage in *de novo* review);

<u>Clemons v. Mississippi</u>, 494 U.S. 738, 739-40 (1990) (A federal court has no basis for disputing a state's interpretation of its own law).  Given that Petitioner suffered two prior felony convictions and six misdemeanor convictions, this Court is confident and without "grave doubt" that a jury would have found, beyond a reasonable doubt, that Petitioner had "numerous" prior convictions.  Accordingly, any <u>Apprendi</u> error with regard to the finding that Petitioner suffered numerous prior convictions is harmless, and the trial court's imposition of the upper-term on Petitioner's convictions was not improper.

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DENIED;
2. The Clerk of Court is directed to enter judgment in favor of Respondent; and,
3. The Court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," i.e., when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"; <u>Hoffman v. Arave</u>, 455 F.3d 926, 943 (9th Cir. 2006) (same).  In the present case, the Court finds that reasonable jurists would not find it debatable that the state courts' decision denying Petitioner's petition for writ of habeas corpus were not "objectively unreasonable."

IT IS SO ORDERED.

Dated:    **June 15, 2009**             **/s/ Sandra M. Snyder**
                                       UNITED STATES MAGISTRATE JUDGE